Good morning, may it please the Court. Daniel Gertz. On behalf of the appellant, Edell Jackson, please excuse if I have to turn around a cop. I just flew in from Berlin last night. I may have caught a cold while I was there. In any case, we've raised two issues for the Court's resolution on this appeal. One concerns the constitutionality of the statute, being a felon in possession of a firearm as applied to Mr. Jackson. The other concerns the appropriateness of the jury instructions that were given in this case. We already know that the Third Circuit is considering the first question by the court on Bonk. It's largely a legal question. I would respond to any questions the Court may have on either topic, but I'm going to focus on the second issue, which is much more procedural and factually complex. And I'll start with the fact that we very explicitly asked the district court to instruct the jury using the actual language of the definitional statute in this case, and that's section 921A20, which defines what a conviction is. The court expressly denied our request, deciding it wouldn't do that and deciding that that was a question of law in its opinion. This Court reviews the rejection of defendant's proposed instruction for abuse of discretion, contrary to what the government has suggested in its brief. That was not waived in any way or forfeited. In fact, a burning breast, a case on quite on point, that's 8th Fourth 808, at 815, says specifically that. What's interesting about the burning instruction that we were asking for, and the district court in this case had reviewed burning breast when it was considering our request. So why it did not provide it is, well, it's — it explained its reasoning, that it thought that it was a question of law, not a question for the jury. This Court also said in burning breast that the elements there were properly instructed in a manner that, quote, tracked the statute and was consistent with rehave, which is what our defense was all about. It included, for example, in that instruction, quote, it is a defense to the charge of a felon in possession of a firearm that the defendant had his civil rights substantially restored. That was — our defense here was both that he had his rights restored and that even if he hadn't, he reasonably believed that they were restored. That was the instruction given in burning breast. It should have been given here. Burning breast didn't permit — But there was an instruction here that said the jury may consider whether he reasonably believed. There was an instruction that said he may reasonably believe. The Court — excuse me. That the jury may consider whether the defendant reasonably believed that his rights had been restored. Exactly. Did that give it? That instruction was given. The instruction — You seem to be arguing is that the legal question of whether the crime — whether his rights were restored should have been a jury question. Well, that is a jury question. But more specific to the point of your question, Judge, is that the — if the jury is not given the law upon which it may consider the reasonable belief of the defendant, then it is left sort of dangling in thin air there. And that's — when it came back and said, do we have to consider that? And the judge did not instruct it that it did, in fact, have to consider it to find him guilty under the third element of the offense, it erred. And they wouldn't have had that question, I don't believe, if the Court had properly instructed them in the way that we first requested. Because when you tell the jury that the statute says a conviction does not count under this law, if your civil rights have been fully restored, then the jury understands that the — that the defense is based on law and not just out of thin air. So was the — was the instruction objected to that was given? Well, Your Honor, well, yes. We — we asked for a specific — No, you asked for a different instruction. But did you object to the instruction that was actually given? We — we did not object to the alternative instruction that the Court gave. Well, we objected to it, then we worked out some language. We finally agreed on language that would be appropriate in the alternative instruction. But we did not give up our objection to what the instruction should have said. So the judge already ruled against us. Now the question was, well, do you object to this alternative instruction? Well, if that's what we're left with, no, we did not object to that, if that's your — your precise question. Counsel, what about — Until — What about the Stanko case before your time's up that the opponent — the opposing counsel talks about a lot? I'm at a loss — Stanko, it's T-A-N-K-O, it's throughout their brief. And it says that the definitional nature of — it's a different statute — about a prior conviction in crime, that — that that is a legal question,  What is a question of law for the court is whether the offense for which you were convicted qualifies as a felony. We don't have any dispute with that. But the question whether you were convicted of — of the crime is explicitly a question for the jury. It's the first element of the crime. That's what they're told that they have to find. The third element requires them to find that — that he — that he, the defendant, at the time that he possessed the firearm, knew that he was still a felon. And if — if the jury is read the instruction we ask for, the definitional instruction that tells them what is a conviction and the fact that the conviction can change and no longer — and — and you will no longer be a felon later on, then that gives them the — the lawful basis upon which a reasonable person might think that, oh, I'm no longer a felon at this point. My civil rights have been restored. And we did object to how the — the court handled that because the jury came back with questions, two of them, that they obviously didn't understand. Well, do we have to consider his state of mind? He testified. Do we have to consider whether that was a reasonable interpretation? And we — we objected that the court did not properly instruct the jury that, in fact, it had to consider that. It doesn't have to believe it. It can reject it. But it does have to consider it. And so the court's failure to do that was an abuse of discretion as well.  Thank you, Your Honor. Thank you, Mr. Girtz. Mr. Genrich. May it please the Court. Good morning, Your Honors. David Genrich on behalf of the United States. I'm an AOSA here in the District of Minnesota. I'll begin with the instructional issues but hope to leave time for any questions that the Court may have with respect to the constitutionality of 922G1. And I think, as often is the case, this applicable standard of review here dovetails very closely with the state of the record with respect to the procedural history. So I want to start there. What happened in this case is that the defendant — and this is outlined in the government's brief — started with the notion that, as a matter of law, 921A20, the restoration exclusion, applied and, therefore, the court did not have jurisdiction over the case. And, in fact, it should be dismissed. And that was the first order of business for Judge Frank. How do I handle the argument that the defendant is qualified for the restoration exclusion? Not whether he has a reasonable but mistaken belief, but whether he actually qualifies. And as Judge Benton pointed out in the Stanko case and the uniform decision of circuit courts across the country, not just this one, pre-Ray Haive — and Stanko is a 921A20 case, it is a statute — is that that is a legal question for the judge's determination. And that makes perfect sense. The application of the restoration exclusion as to whether it actually applies is a fairly complicated legal question that calls on determining what the effect of various state law restorations of rights are on the right to possess firearms. And as the government outlines in its brief, Stanko and the reasoning in Stanko survive pre-Ray Haive, because if the defendant qualifies, actually qualifies for the restoration, 922G1 doesn't apply at all, and there should be no prosecution. The second question the district court addressed — and so that's the government's argument with respect to the first instructional request. Defendant says, hey — and he brought it in that context, saying, as a matter of law, I shouldn't even be here. And he says, you should instruct on the definition under 921A20. The district court says, no, I'm not going to instruct on the definition because whether you actually qualify is a matter of law, and I don't have to give the jury the definitional instruction. I'm going to resolve that. Well, then the defendant says, well, okay, and concedes in district court and concedes before you that he is not actually eligible for — under 921A20. He does not actually qualify for the restoration exception. To the extent there was any error about a jury determination on that question, and under Stanko there wasn't, there can be — it has to be harmless because the defendant concedes that he didn't actually qualify. The second question is, all right, well, I was wrong. I thought that I qualified, but I was mistaken. And that's where the defendant — and this is the government's waiver argument, and this is an extraordinarily strong waiver case, because it's not that the defendant didn't object to your question, Chief Judge Smith, to the district court's formulation regarding reasonable belief. It's that the defendant suggested the language that was adopted by the district court. The district court came out with one proposal saying, as to the third element, that you've got to know you're convicted of a crime of one year or that you were not — you did not have your rights restored. The defendant says, wait a minute. I've got a better idea. Don't put the reasonable mistaken belief issue in the third element. Put it in your explanation of what the jury may consider in deciding whether the third element has been satisfied beyond a reasonable doubt. And the defendant not once but twice reads to the district court its proposal as to how that instruction should read, and in all material respects, that proposal is what the district court adopted. So you're saying if there's error, it's invited error? A hundred percent, Your Honor. And I cite in the government's brief Pickens and Davis for that proposition. In Pickens, this Court held that where a defendant said, I can, quote, live with, close quote, the district court's formulation, that that was waiver. Here, the defendant went much further. He didn't live with the district court's formulation. He composed and suggested the formulation that the district court adopted. The government also cites Davis, which stands for the proposition that if a defendant agrees to a district court's formulation, a defendant has waived the challenge. He's invited the error. Here, the defendant did more than agree or not object to the district court's formulation. The district court adopted the defendant's formulation. And it is absolutely the black-letter law of this circuit that the waiver doctrine applies, and that all of this discussion about how the district court got it wrong should not be entertained by this Court as a procedural matter, because it's the defendant's instruction that we're arguing about. It's the defendant's formulation that the district court, quote, may consider, that the jury, quote, may consider, close quote, whether he had a reasonable but mistaken belief. So address Burning Breast, where there was a definitional kind of instruction. So in Burning Breast, as a matter of standard of review, the defendant proposed an instruction, and the district court denied it. So there you have a traditional abuse of discretion circumstance. It wasn't a case like in this one where the defendant proposed an instruction and the district court accepted it. And that's what distinguishes Burning Breast procedurally with respect to an abuse of discretion standard, where the defendant's suggestion was rejected with this case. Now, in Burning Breast, the suggestion that the defendant made that was rejected was different than the instruction ultimately given. In Burning Breast, what the defendant wanted was an instruction that says the government has to prove that the defendant did not believe he had been pardoned. That the government essentially had to prove the negative, that he didn't believe he'd been pardoned. And what this Court held in Burning Breast is, wait a minute, that's what not Ray Hayeaf, that's not what Ray Hayeaf requires. Ray Hayeaf does not add a fifth element that requires the government to prove beyond a reasonable doubt that the defendant did not believe he had been pardoned. And what the Court does endorse in Burning Breast, so that's the issue. That was defendant's proposal, and this Court said, affirm the district court in saying, no, we're not going to add a fifth element based on Ray Hayeaf. And so let me bookmark that, but just finish the thought, Judge Benton, which is what the instruction given in Burning Breast that was endorsed was the 921A20 definitional provision. But here's the difference. What the court noted in Burning Breast was the argument was about whether the defendant had actually been pardoned, and that the 921A20 definition gave the defendant the right to argue his mens rea as to the actual pardon. I'm not sure that was right, because as I've said under Stanko, it should be a legal issue. But regardless, what is not at issue in Burning Breast is the form of instruction where you've got, as in here, a defendant claim of reasonable but mistaken belief. And in that circumstance here, the district court adopted the defendant's suggestion as to how that instruction should read. So in sum, the government's view is the right analysis is if you qualify for the exclusion as a matter of law, Stanko, subject to an abuse of discretion here because the defendant asked for that definitional provision. But whether you've got a mistaken reasonable belief, if it's a defense at all, was waived in this case. If it wasn't waived, it has to be plain error. He didn't object to his own instruction. And it cannot be clear and obvious that the district court instructed the jury in this way with respect to a reasonable but mistaken belief. Why can't it be clear and obvious? One, this Court said in Robinson, reasonable but mistaken belief could be a defense, but that this Court did not have to decide that issue in Robinson for other reasons. In Burning Breast, the district court, as a matter of premotion's practice of motion and limine, precluded the defendant from arguing reasonable mistaken belief. And the instruction in that case didn't address a subjective belief. It only provided the statutory definition. On that state of Eighth Circuit law with respect to post-raife 921A20 defenses, it cannot possibly be clear and obvious that the district court abused its discretion in the way in which it instructed in this case. And, again, we shouldn't get there, because the way in which it instructed was the way in which the defendant requested. The government doesn't believe, as a foundational matter, that reasonable mistaken belief should be a defense. The government believes that the element is you know you've been convicted of a crime exceeding one year, and that this definitional provision is an exclusion that is a matter for the Court, and that to say the defendant has a mistaken belief about it is tantamount to saying that it's a mistake of law, that these ignorance of the law with respect to whether he qualifies for the exemption. And unlike Ray Haif, which dealt with 922G1's class of persons, have you been convicted for more than one year, the restoration exclusion is a separate subdivision that relates to definition. And that's a legal matter. And any mistake by the defendant is a mistake of law, not a mistake of fact. I would really love to field any questions the Court has on 922G1, if for no other reason than I spent a good deal of time preparing on that issue. But I will say that the defendant's claim in this case is not a facial challenge, as in the Third Circuit Range case that's currently in en banc review. The government, it is a narrow as-applied challenge. So Range won't really resolve the narrow claim brought by defendant here. And if the Court only reviews whether it's constitutional as-applied to this defendant, given his criminal history and his record on supervision, the government's position is it's abundantly clear it's constitutional as-applied to him, but that it should — this Court could also conclude that it's constitutional as-applied to all felons for the reasons set forth in the government's brief. Absent any further questions addressed on the government's submissions, thank you, Your Honors. Thank you, Mr. Kenwick. Mr. Girtz, your rebuttal. Thank you. Well, first of all, the question of what the defendant requested, the record's very specific. The Court said, and I quote, "...indicate what specifically you're asking the Court to do, to include in its instructions with respect to the definition of a felony in terms of the issues we've been talking about here." Mr. Girtz, the exact quote, "...what constitutes a conviction of such crime shall be..." And then we asked for the statutory definition. That is what we requested. We did not request this second one that the Court suggests that I came up with. Counsel wasn't there, so I won't hold it personally. But there were hours and hours of discussion between counsel and chambers and the regarding this issue. A review of the transcript will show that it went on for a long time. Ultimately, the question became... Is all of this discussion in the record on the transcript? Yes, Your Honor, it is. That ended up giving us the formulation of the... Yes, it goes on. It's before even all the evidence was closed that was discussed, after the evidence was closed, and then again later on. But it was a long, drawn-out discussion. Ultimately, there were suggestions by both parties and by the Court as to how the resulting final instruction should read. At the end of the day, we agreed with, since we'd been overruled in what we actually wanted, that these instructions were appropriate, appropriately worded to give to the jury. We find out later on, as it was pointed out, that the instructions had built-in as they permitted the jury to consider merely the historical fact of the felony conviction and not whether the restoration of rights had occurred and whether he was still a felon. So it's clearly in the record. We will be able to see the jury instruction you proposed versus the jury instruction of the district court. Yes. It's in the record at the transcript at 423 to 24, is what we requested. It's quoting directly from the statute itself. I will respond to any questions, but my time is up. Thank you.